IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC K. GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:06CV01709 |
| ) | JUDGE: Colleen Kollar-Kotelly |
| ) | DECK TYPE: Labor/ERISA |
| ) | (non-employment) |
| AMERICAN INSTITUTES FOR ) | |
| RESEARCH, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, AMERICAN INSTITUTES FOR RESEARCH (hereinafter "AIR" or "Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Amended Complaint ("Amended Complaint") as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

#### Second Defense

This Court lacks jurisdiction over allegations contained in the Amended Complaint.

#### Third Defense

Plaintiff has failed to satisfy all conditions precedent to initiation of this action, including a failure to exhaust administrative remedies.

### Fourth Defense

All employment decisions made by AIR with respect to Plaintiff were made for non-discriminatory reasons.

### Fifth Defense

All employment decisions made by AIR with respect to Plaintiff were made for non-retaliatory reasons.

### Sixth Defense

Plaintiff was, at all times relevant, an at-will employee.

### Seventh Defense

Defendant has, at all times relevant, engaged in good-faith efforts to comply with all applicable laws against discrimination, including but not limited to the Family and Medical Leave Act, 29 C.F.R. § 825 *et seq*.

### Eighth Defense

Plaintiff failed to make reasonable efforts to mitigate his damages.

### Ninth Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Tenth Defense

Defendant reserves the right to amend this Answer as necessary up to and including the date of any trial in this matter.

### Eleventh Defense

Defendant denies all allegations not specifically admitted herein.

## Twelfth Defense

Subject to and without waiving the aforesaid affirmative defenses, Defendant responds to the numbered paragraphs in the Amended Complaint as follows:

1. Defendant admits that the Amended Complaint pleads an action for declaratory, monetary and equitable relief under the Family and Medical Leave Act of 1993. Defendant denies the remainder of the allegations contained in paragraph 1, including but not limited to any implication that Defendant committed any statutory violations, and demands strict proof thereof.

2. Defendant admits that this Court has jurisdiction over certain claims asserted by Plaintiff. Defendant denies the remainder of the allegations contained in paragraph 2 and demands strict proof thereof.

3. Generally, Defendant admits the allegations contained in paragraph 3, but denies that either venue or jurisdiction is proper with respect to all claims asserted by Plaintiff and, as such, demands strict proof thereof..

4. Defendant denies the allegations contained in paragraph 4 and demands strict proof thereof.

5. Upon information and belief, Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6 to the extent that Plaintiff worked for Defendant for at least twelve months and at least 1,250 hours during the preceding 12-month period prior to his taking FMLA leave. Defendant denies the remainder of the allegations contained in paragraph 6 and demands strict proof thereof.

7.  Defendant admits the allegations contained in paragraph 7.

8.  Defendant admits the allegations contained in paragraph 8 to the extent that it is engaged in commerce or an industry affecting commerce, and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant denies the remainder of the allegations contained in paragraph 8 and demands strict proof thereof.

9.  Defendant admits that Plaintiff began employment with AIR on March 3, 2003. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 9. As such, Defendant denies those allegations and demands strict proof thereof.

10. Upon information and belief, Defendant admits the allegations contained in the first sentence of paragraph 10. Defendant admits the allegations contained in the second sentence of paragraph 10.

11. Defendant denies the allegations contained in paragraph 11 and demands strict proof thereof.

12. Defendant denies the allegations contained in paragraph 12 and demands strict proof thereof.

13. Defendant denies the allegations contained in paragraph 13 and demands strict proof thereof.

14. Defendant denies the allegations contained in paragraph 14 to the extent that Plaintiff alleges that a hostile and toxic work environment existed for him or at AIR. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 14. As such,

Defendant denies the remainder of the allegations contained therein and demands strict proof thereof.

15. Defendant denies the allegations contained in paragraph 15 to the extent that they imply that any alleged "emotional turbulence" is because of or related to Defendant, and demands strict proof thereof. Defendant is without knowledge or information sufficient to form a belief regarding the medical treatment received by Plaintiff due to any injuries to Plaintiff's left hand or the specific nature of his injuries. As such, Defendant denies the allegations contained in the second sentence of paragraph 15 and demands strict proof thereof. Upon information and belief, Defendant admits the remainder of the allegations contained in paragraph 15, including that Plaintiff sustained injuries to his left hand on or about June 4, 2005.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16. As such, Defendant denies the allegations contained therein and demands strict proof thereof.

17. Defendant admits the allegations contained in paragraph 17 to the extent that the Certification of Health Care Provider stated that Plaintiff could work a modified schedule from June 27, 2005 to July 31, 2005, working four (4) hours per day and that he should limit keyboard use to four (4) hours per day. Defendant further admits that the document provided that Plaintiff would be unable to work if the modified schedule was not available. Defendant denies the remainder of the allegations contained in paragraph 17, including that Defendant failed to provide the modified schedule, and demands strict proof thereof.

18. Defendant denies the allegations contained in paragraph 18 and demands strict proof thereof.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19. As such, Defendant denies the allegations contained therein and demands strict proof thereof.

20. Defendant denies the allegations contained in the first sentence of paragraph 20 and demands strict proof thereof. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 20, and as such, denies the allegations contained therein, and demands strict proof thereof.

21. Upon information and belief, Defendant admits the allegation contained in the first sentence of paragraph 21 to the extent that on or about June 15, 2005, Plaintiff was notified by Ms. DeOliveira that his transfer to Defendant's Washington, D.C. headquarters had been confirmed. Defendant denies the remainder of the allegations contained in paragraph 21 and demands strict proof thereof.

22. Defendant denies the allegations contained in paragraph 22 and demands strict proof thereof.

23. Defendant denies the allegations contained in paragraph 23 and demands strict proof thereof.

24. Defendant denies the allegations contained in paragraph 24 and demands strict proof thereof.

25. Defendant admits that Plaintiff began his employment with Defendant's DC office on or about September 19, 2005, but denies the allegations contained in the remainder of paragraph 25 and demands strict proof thereof.

26. Defendant denies the allegations contained in paragraph 26 and demands strict proof thereof.

27. Defendant denies the allegations contained in paragraph 27 and demands strict proof thereof.

28. Defendant denies the allegations contained in paragraph 28, including any purported reason for any alleged absence from work and demands strict proof thereof.

29. Defendant admits the allegations contained in the first sentence of paragraph 29 to the extent Plaintiff took FMLA leave on or about March 28, 2006. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the first sentence of paragraph 29. As such, Defendant denies the remainder of the allegations contained therein and demands strict proof thereof. Defendant denies receipt of a doctor's note dated March 27, 2006, and demands strict proof thereof. Defendant admits the allegations contained in the third sentence of paragraph 29 to the extent Plaintiff took additional FMLA leave. Defendant denies the remainder of allegations contained in paragraph 29 and demands strict proof thereof.

30. Defendant denies the allegations contained in paragraph 30 and demands strict proof thereof.

31. Upon information and belief, Defendant admits the allegations contained in the first sentence of paragraph 31, but denies that the project was over budget by $1 million.

Defendant denies the allegations contained in the second sentence of paragraph 31 and demands strict proof thereof.

32. Defendant denies the allegations contained in paragraph 32 and demands strict proof thereof.

33. Defendant denies the allegations in paragraph 33 and demands strict proof thereof.

34. Defendant denies the allegations contained in paragraph 34 asserting that an email sent out by Ms. Baker was embarrassing and damaging and reflected inaccurate information about Plaintiff and demands strict proof thereof. Defendant admits the remainder of the allegations contained in paragraph 34 insofar as Plaintiff filed an internal grievance against Ms. Baker upon his return to work.

35. Defendant admits the allegations contained in paragraph 35.

36. Defendant admits the allegations contained in the first sentence of paragraph 36 to the extent that Plaintiff met with Mr. Mike regarding Plaintiff's grievance. Defendant also admits the allegations contained in the third sentence of paragraph 36 to the extent that Mr. Mike advised Plaintiff that there was a job posted for the Washington, D.C. office. Defendant denies the remainder of the allegations contained in paragraph 36 and demands strict proof thereof.

37. Defendant admits the allegations contained in paragraph 37 to the extent that, in the course of conversation, Mr. Mike, among other things, commented about Ms. Baker and discussed the grievance process with Plaintiff. Defendant denies the remainder of the allegations contained in paragraph 37 and demands strict proof thereof.

38. Defendant admits that Plaintiff voluntarily withdrew his complaint against Ms. Baker on April 13, 2006. Defendant denies the remainder of the allegations contained in paragraph 38 and demands strict proof thereof.

39. Defendant admits the allegations contained in paragraph 39 to the extent that Mr. Parham met with and informed Plaintiff that Ms. Baker found errors in Plaintiff's work, and that Defendant's general procedures did not allow for the writing up of a fellow editor. Defendant denies the remainder of the allegations contained in paragraph 39, including that Mr. Parham's communication to Plaintiff was a retaliatory act, and demands strict proof thereof.

40. Defendant denies the allegations contained in paragraph 40 and demands strict proof thereof.

41. Defendant admits the allegation contained in the first sentence of paragraph 41 to the extent that Mr. Parham sent Plaintiff an email on April 14, 2006 following-up on his previous discussion with Plaintiff regarding, among other things, the quality of his work. Defendant denies the remainder of the allegations contained in paragraph 41, including that Plaintiff was ever reprimanded, and demands strict proof thereof.

42. Defendant denies the allegations contained in paragraph 42 and demands strict proof thereof.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of the first sentence of paragraph 43, or that Plaintiff's doctor gave repetitive advice to him. As such, Defendant denies the allegations contained therein and demands strict proof thereof. Defendant admits receiving a note purportedly from Plaintiff's physician regarding

leave from April 24, 2006 through May 17, 2006. Defendant denies the remainder of the allegations contained in paragraph 43 and demands strict proof thereof.

44. Defendant admits the allegations contained in paragraph 44 to the extent that Defendant posted a Senior Editor position, but denies that the experience and qualification requirements were identical to Plaintiff's and demands strict proof thereof.

45. Defendant is without knowledge or information sufficient to form a belief as to the reasons Plaintiff applied for the Senior Editor position. As such, Defendant denies the allegations contained in the first sentence of paragraph 45 and demands strict proof thereof. Defendant admits the allegations contained in the second sentence of paragraph 45 to the extent that Plaintiff informed his supervisor that he had applied for the position and was told that there was a Level-4 position, but denies that he was told that it was a job identical to Plaintiff's and demands strict proof thereof. Defendant denies the allegations contained in the third sentence of paragraph 45, as Plaintiff's position was not advertised, and demands strict proof thereof.

46. Defendant admits the allegations contained in paragraph 46 to the extent that on May 31, 2006, Plaintiff filed an official protest. Defendant denies the remainder of the allegations contained in paragraph 46 and demands strict proof thereof.

47. Defendant admits the allegations contained in the first sentence of paragraph 47. Defendant denies the allegations contained in the second sentence of paragraph 47, including that Plaintiff was demoted, and demands strict proof thereof. Defendant admits the allegations contained in the third sentence of paragraph 47 to the extent that Ms. Barnes had been transferred to the Assessment Department. Defendant

10

denies the remainder of the allegations contained in the third sentence of paragraph 47 and demands strict proof thereof.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, relating to Plaintiff's alleged health issues, testing or related information. As such, Defendant denies the allegations contained therein and demands strict proof thereof. However, Defendant denies that its actions caused or contributed to Plaintiff's alleged conditions.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 49 and as such, denies the allegations contained therein and demands strict proof thereof. However, Defendant admits that Plaintiff was on leave from June 5, 2006 through June 19, 2006 and that a portion of that leave was covered by FMLA leave and that part of that leave was not. Defendant admits the allegation contained in the second sentence of paragraph 49 to the extent that Plaintiff requested permission to take unpaid leave. Defendant denies the remainder of the allegations contained in paragraph 49 and demands strict proof thereof.

50. Defendant denies the allegations contained in the first sentence of paragraph 50 and demands strict proof thereof. Upon information and belief, Defendant admits the allegations contained in the second sentence of paragraph 50.

51. Defendant denies the allegations contained therein and demands strict proof thereof.

52. Defendant denies the allegations contained in paragraph 52 and demands strict proof thereof.

## STATEMENT OF CLAIMS

## COUNT I

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

## 29 C.F.R. § 825 *et seq.*

53. Defendant reiterates its answers to the allegations contained in paragraphs 1 through 52 and incorporates the same by reference as though they were fully set forth herein.

54. Defendant denies the allegations contained in paragraph 54 and demands strict proof thereof. Specifically:

   a. Defendant denies the allegations contained in paragraph 54(a) and demands strict proof thereof.

   b. Defendant denies the allegations contained in paragraph 54(b) and demands strict proof thereof.

   c. Defendant denies the allegations contained in paragraph 54(c) and demands strict proof thereof.

   d. Defendant denies the allegations contained in paragraph 54(d) and demands strict proof thereof.

55. Defendant denies the allegations contained in paragraph 55 and demands strict proof thereof.

56. Defendant denies the allegations contained in paragraph 56 and demands strict proof thereof.

57. Defendant reiterates its answers to the allegations contained in paragraphs 1 through 52 and incorporates the same by reference as though they were fully set forth herein.

58. Defendant neither admits nor denies the allegations contained in paragraph 58 as they call for a legal conclusion. As such, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 58 and demands strict proof thereof.

59. Defendant denies the allegations contained in paragraph 59 and demands strict proof thereof. Specifically:

    a. Defendant denies the allegations contained in paragraph 59(a) and demands strict proof thereof.

    b. Defendant denies the allegations contained in paragraph 59(b) and demands strict proof thereof.

    c. Defendant denies the allegations contained in paragraph 59(c) and demands strict proof thereof.

    d. Defendant denies the allegations contained in paragraph 59(d) and demands strict proof thereof.

    e. Defendant denies the allegations contained in paragraph 59(e) and demands strict proof thereof.

    f. Defendant denies the allegations contained in paragraph 59(f) and demands strict proof thereof.

60. Defendant denies the allegations contained in paragraph 60 and demands strict proof thereof.

61. Defendant denies the allegations contained in paragraph 61 and demands strict proof thereof.

62. Defendant denies the allegations contained in paragraph 62 and demands strict proof thereof.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

/s/
_____
Rebecca L. Taylor (#443401)
1400 K Street, NW
Suite 1000
Washington, DC 20005
(202) 434-9100 (voice)
(202) 783-3420 (facsimile)

*Counsel for Defendant*
*American Institutes of Research*

Dated: December 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Defendant's Answer to Plaintiff's Amended Complaint to be served electronically this 4th day of December, 2006, upon:

Michael J. Beattie, Esquire
Employee Rights Law Group
9502-B Lee Highway
Fairfax, Virginia 22031

/S/
_____
Rebecca L. Taylor