**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ERIC K. GILL**<br>4711 Marymead Drive<br>Fairfax, Virginia 22030<br><br>    **Plaintiff,**<br>v.<br><br>**AMERICAN INSTITUTES FOR**<br>**RESEARCH**<br>1000 Thomas Jefferson Street, NW,<br>Washington, DC 20007<br><br>    **Defendant.** | )<br>)<br>)<br>) **CASE NO. 06-1709-CKK**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT**

  Pursuant to the Order of this Court, counsel for the parties in the above-styled matter submit this report:

Statement of the Case:

  Plaintiff alleges violations occurring under the Family and Medical Leave Act of 1993, 29 C.F.R. §825 *et seq.*, as well as retaliatory treatment suffered by him on account of his availing leave under the said Act, and seeks declaratory, monetary and equitable relief.

Causes of Action

1. *Violation of the Family Medical and Leave Act*

  Plaintiff was subjected to a continuing course of conduct which violated and deprived him of his federally protected rights under the Family and Medical Leave Act:

    a. In spite of Plaintiff's doctor's recommendations to place him on leave under FMLA, Plaintiff was pressured to report to work and undertake work assignments during his scheduled FMLA leave;

    b. Contrary to his doctor's instructions placing Plaintiff on a

        modified work schedule of 4 hours per day, Defendant required Plaintiff to work complete work days and even overtime and weekend assignments soon after returning from FMLA leave;

    c.    Plaintiff's job duties and responsibilities were undermined on his return from FMLA leave; Plaintiff was removed from assignments that he had been handling as Lead Editor prior to going on FMLA leave; Plaintiff's written protest of his supervisor's reprimand was ignored, and vital tasks were assigned to much junior and unqualified staff instead of Plaintiff

    d.    Plaintiff was effectively demoted from his position on his return from FMLA leave when he was ordered to report to Ms. Holly Baker; moreover, Ms. Caroline Barnes was promoted to Assessment as a Level-5 Senior Editor while Plaintiff was on FMLA leave, a position for which Plaintiff had applied but never received an acknowledgment from personnel beyond a computer-generated receipt of his application and resume.

2.    *Retaliation for availing leave under Family Medical and Leave Act*

Plaintiff was subjected to retaliation by Defendant when he engaged in protected activity:

    a.    Ms. Holly Baker and Mr. Dan Parham publicly made false allegations and disparaging and derogatory statements about Plaintiff's capabilities and skills while he was on and upon his immediate return from FMLA-protected leave;

    b.    Plaintiff's grievance, filed while on FMLA leave was inadequately addressed, and instead he was intimidated into withdrawing his grievance under the threat of adverse action against his own work;

    c.    Plaintiff's responsibilities as Lead Editor were reduced on his return from FMLA leave, and certain major projects previously assigned to him were rescinded;

    d.    After he returned from FMLA protected leave, Plaintiff was given unfamiliar assignments with impossible deadlines to meet;

    e.    Plaintiff received verbal and written reprimands for the allegedly poor quality of his editing work, in certain instances without sufficient explanations and no details of the allegations;

    f.    Plaintiff's position was advertised in a job announcement and Ms. Barnes was subsequently promoted as a Level-5 Senior Editor during Plaintiff's absence while on FMLA-protected leave; in addition, a Level-4 Editor was hired while Plaintiff was on leave for medical reasons, as supported by his doctor's note.

Defendant American Institutes for Research ("AIR") denies Plaintiff's allegations and states that, during Plaintiff's employment, AIR engaged in good-faith efforts to comply with all applicable laws against discrimination, including but not limited to the Family and Medical Leave Act, 29 C.F.R. § 825 *et seq.* ("FMLA"). AIR denies the allegations made by Plaintiff, including that it: (1) violated the FMLA; (2) retaliated against Plaintiff for any reason, including

for his use of leave under the FMLA; or (3) otherwise discriminated against Plaintiff. In sum, AIR asserts that its decisions concerning Plaintiff were made for non-discriminatory, non-retaliatory reasons.

Meet and Confer Statement

Pursuant to the matters set forth in LCvR 16.3(c) parties have conferred and discussed the following matters:

1. Plaintiff does not think the case will be adjudicated based upon a dispositive motion. At this juncture, Defendant states that it is unable to determine whether the case is likely to be disposed of by dispositive motion without the benefit of discovery. The parties support commencement of discovery as soon as possible. The parties support a joint motion for a stay of discovery to permit alternative dispute resolution.

2. Neither party will be joining additional parties or amending its pleadings, at this time. However, both parties reserve the right to do so if information becomes available that warrants the inclusion of additional parties to the case or the amendment of pleadings. Plaintiff submits that any parties must be added within 30 days after any pre-discovery ADR or, in the event the parties are not assigned to ADR (including neutral case evaluation), by March 1, 2007. Defendant submits that any parties must be added within 15 days after any pre-discovery ADR or, in the event the parties are not assigned to ADR (including neutral case evaluation), by February 15, 2007.

3. The parties oppose assignment of the case to a Magistrate Judge. However, Defendant requests assignment to a Magistrate Judge for neutral case evaluation or mediation.

4. Based on the outcome of mediation at the EEOC level, Plaintiff does not anticipate the possibility of the case settling. Although Plaintiff does not believe that the parties can

arrive at a negotiated settlement, Plaintiff is amenable to considering any settlement offer(s) that may arise prior to the trial date set forth by the Court. Defendant never seeks to foreclose resolution of a matter prior to trial. Unlike in his Charge of Discrimination filed with the EEOC, Plaintiff has significantly narrowed his allegations in this matter. As such, Defendant believes that mediation would be beneficial.

5. Although Plaintiff thinks the case may not benefit from further intervention through alternative dispute resolution, Plaintiff does not oppose a form of neutral evaluation of the case or alternative dispute resolution, and is amenable to cooperate with such proceedings. Defendant believes that neutral evaluation of the case or mediation with a Magistrate Judge, would be beneficial. (Defendant does not believe arbitration would be beneficial.) The parties believe that ADR would be most useful prior to discovery. The parties support a joint motion to stay discovery during the pendency of ADR proceedings.

6. Plaintiff does not think the case can be adjudicated through a dispositive motion. At this juncture, Defendant states that it is unable to determine whether the case is likely to be disposed of by dispositive motion without the benefit of discovery. The deadline for filing dispositive motions should be 45 days after the close of discovery. Responses should be due 30 days from the date of such dispositive motion. Replies should be due within 15 days of any Response.

7. The parties propose to dispense with the 26(a)(1) disclosures.

8. All non-expert discovery should be completed by June 29, 2007. All expert discovery should be completed by July 16, 2007. Plaintiff asserts that a protective order will be necessary if Defendant seeks access to medical or financial records. Defendant asserts that a protective order will also be necessary to the extent Plaintiff seeks information

relating to AIR's employees, clients, and financial data. The parties suggest the need for no more than 30 interrogatories, including all discrete subparts. Plaintiff suggests the need for no more than 7 nonparty depositions. Defendant believes that the 10 depositions allotted pursuant to the Rules is appropriate.

9. The parties agree that there is no need to modify the procedure for disclosure of expert witnesses as set forth in Fed. R. Civ. P. 26 (a)(2). Plaintiff does not anticipate calling expert witnesses, at this time. To the extent experts are needed, Plaintiff does not see the need to fix a date for the expert depositions. To the extent expert witnesses are designated, Defendant asserts that Plaintiff's disclosures should be made by April 15, 2007, with Defendant's being made by May 15, 2007.

10. Class action rules are inapplicable in this case, at this time.

11. Trial should not be bifurcated.

12. Plaintiff proposes September 1, 2007, as the date for a pre-trial conference. Defendant proposes that the pretrial conference be held 30 days after the resolution of dispositive motions or by September 15, 2007, in the event no dispositive motions are filed.

13. Plaintiff proposes that the court should set at the first scheduling conference a firm trial date not to exceed one year from initial filing of Complaint in October 2006. Defendant asserts that a trial date should be scheduled at the pretrial conference.

Respectfully submitted,

**EMPLOYEE RIGHTS LAW GROUP**

_____
Michael Beattie, Esq. (DC Bar #450873)
9502 B Lee Highway
Fairfax, VA 22031
703-273-2235 (tel)
703-273-3440 (fax)
mjbeattie@verizon.net

*Counsel For Plaintiff Eric K. Gill*


**LEFTWICH & LUDAWAY, LLC**


_____
Rebecca L. Taylor (#443401)
1400 K Street, NW, Suite 1000
Washington, D.C. 20005-2403
(202) 434-9100 (voice)
(202) 783-3429 (facsimile)
RLTaylor@Leftwichlaw.com

*Counsel for Defendant*
*American Institutes for Research, Inc.*

7